Good morning, Your Honors. My name is Cynthia Kagiwara, and I'm representing Appellant Ambrosio Constantino, Jr. There's really only one issue before the Court today, which is whether or not the District Court violated separation of powers principles when the Court rejected a pretrial diversion agreement that the government and Mr. Constantino had agreed to. And then there's a subsidiary issue as to what the remedy should be if this Court agrees. I'm in it. Can we, before, I'm sorry, but before you even start, when you say pretrial services agreement, it's been referred to as a diversion agreement? Correct. And I don't know if maybe different districts have different ways of referring to things, but technically, was it a deferred sentencing agreement, or was it a diversion, or what I would consider a diversion, which the Court is never involved in the diversion? And I think that's part of the problem with the confusion before the District Court. It was intended to be a pretrial diversion agreement, which, according to the U.S. Attorney's Manual, can be offered at any time up until trial. But I believe that the District Court treated it as a deferred plea agreement. Deferred prosecution. A deferred sentencing agreement. Right. Correct. So there was never anticipated, or I'd like to know, was it anticipated that the defendant would plead guilty? No. Okay. The entire agreement, it was anticipated that he would serve 12 months of supervision and abide by certain conditions, including paying the full restitution that was due. And then the U.S. Attorney would never charge? No. They would dismiss the charges because he had already been indicted. I'm sorry. Yes. Okay. I'm sorry. He never pled guilty, and he was not — it was not anticipated that he would plead guilty before being placed on the supervision. That's correct. And I think that was part of the problem that the District Court struggled with, because the Court indicated, you know, once you've charged this person, I think I have to treat it like a plea agreement or a deferred sentencing agreement. But that was not the prosecutor's intent. And I believe that the government and I were in agreement that it was error for the District Court to reject the pretrial diversion agreement. And so it looks like you both — and we'll hear from your colleague here in a moment — but you both are agreeing to vacate the judgment in this case. That's correct. And basically start anew. Well, and that's, I think, where we differ, is what the remedy is. Can I ask you for just a moment? Yes. The reason that the District Court could not do anything here, or should not have done anything here, is what? Because it didn't have any jurisdiction? Well, it was beyond the court's authority, because this was a charging decision. It was not — it was not something — Even though he's been indicted. Correct. And I — there are not — Because I hear some of the District Court's confusion. Right. There are not a ton of cases in this area. But both the government and I relied on the two cases, one from the Second Circuit, HSBC, and then another from — The D.C. Circuit. The D.C. Circuit, the Fokker Services case. And both of those cases make it very clear that charging decisions are within the authority of the executive branch. And — And I think that is the confusion, because for deferred sentencing, it implicates Rule 11c-1 and also Speedy Trial Act. And so the judge does have more of a role in a deferred sentencing, because a plea takes place, and then the person is — is deferred for sentencing for a long period of time. In a true pretrial diversion agreement, at least in my understanding, and I'm pulling from my knowledge of the practice and the culture in the district that I came from, a true pretrial diversion agreement did not involve the judge at all. And I'm curious, so why did you all go to the judge for permission, or did she call you in? I'm trying to figure out what happened there. I think the problem was an indictment had already been handed down. And so that was the confusion, is there were already charges pending before the court. That was going to be my question. Most of these occur without an indictment, right? That's correct. And I believe that the U.S. attorney before the district court tried to explain, because this occurred in Guam, and the witnesses and the agents had all kind of dispersed, it was very hard for the U.S. attorney to figure out what the actual evidence was going to be until after they had handed down the indictment. So in effect, the U.S. attorney said, we're not going to — we're not going to regard this guy as having been charged with anything. We're going to take — we're — yet. Is that — I think that's correct. Instead, we're just going to take this outside the system and have a diversion. That's correct. And have him under some supervision for a while. That's correct. And, you know, the — there were three U.S. attorneys who spoke to this case before the district court, and they said they did not take this cavalierly. They looked at the evidence very carefully before they decided to offer this pretrial diversion agreement. So I do — I believe we're in agreement with the government. The only issue is the remedy. But what do we do? So I believe that the government is suggesting we should send the case back and now reinstate the pretrial diversion agreement and have Mr. Constantino serve 12 months. Has he been in — what's his status? He has been under supervision since he was indicted in June of 2015. So he's been in — under supervision for over three years. He's met everything that he needed to do under the original pretrial diversion agreement, including paying all the monetary penalties. He's paid $3,405 — I'm sorry, you know, $3,045 to the court, including the full restitution with interest. He's paid a $500 fine, and he's paid the $200 special assessment that was due after his conviction. But say he's been under supervision. What is his status? Is he on — is that on bail? Currently, he — his sentences stayed pending this appeal. So he has not been in custody at all. He's been under supervision by — I believe in Guam the pretrial and probation office are combined. But I tried to set out in my reply brief the — you know, the similarities between the original pretrial diversion agreement and his conditions of release, which are very similar. But it's interesting because what you're asking us to do, I mean, we can't get involved. I mean, just like the district court can't — couldn't get involved with the — in determining whether or not he's complied with the pretrial diversion agreement for the same reason that you, you know, argued just a moment ago as to why it was incorrect for the — or it may have been beyond the district court's purview. So it's kind of an interesting dilemma here because I understand from the briefing and then what you've confirmed here today is that the parties are in agreement that it should be vacated and it should be sent back. I don't know what more we would be able to do at this point without overstepping our jurisdiction. But that's why I want — that's my main question for you. So what do you suggest? Well, what I would — what I would request is that the case be remanded to the district court and a report be submitted from the probation office that's supervising him to indicate whether or not he's already met all these conditions. And if he has, then he shouldn't be required to serve yet another 12 months when he's been under supervision for three years. So upon remand, ask for a factual finding as to whether or not he's met these conditions. And if he has, then he should — the indictment should be dismissed. He should be discharged. You're asking for a reassignment to another district judge, or can this district judge not? I am not, and I don't believe that that's possible. There's only one district judge in Guam. Mr. Constantino does not want to delay this any further. So I believe if we ask for reassignment to another judge, if we were to get that, somebody would have to be brought in from outside of Guam since there's only one district judge. And he does not want to delay this any further. If I may, I'd like to reserve my remaining time for rebuttal. Thank you. Thank you very much. Good morning, Your Honors. Garth Backe on behalf of the United States. The judge was not supposed to be involved in this. That was the intention from the beginning. There wasn't a signature line for her. And our office had done numerous pretrial diversions before the magistrate judge and misdemeanor courts. So how did the judge get involved here? Is it because of the charge that was placed? Yes, and I guess her characterization as a plea agreement. And she kind of went down that track. And then as further hearings went on, then she started getting into disparity, lenient. You know, she thought her sentence was too lenient, or excuse me, her proposed resolution was too lenient, and it continued to go off the tracks after that point in time. But there wasn't even a signature line for her. It was basically, what was envisioned was, admittedly, her pretrial services department to approve whether he was qualified, and then to monitor his compliance. And after which, all cases would be dismissed. Both charges would be dismissed. So today, I understand you all went to trial. There was a verdict. And now there's an appeal, and you're here today. And it's my understanding, and if you could confirm, that you also agree with appellant's counsel that the case should be, the judgment should be vacated and sent back. Is that correct or not? It's correct, Your Honor. I mean, it's a decision that we wrestled with. We sought outside advice on, because, yes, we did obtain a guilty verdict after a 10-day trial, but at the same time, we had to review the law as it pertains to this area, and the fact that, and this was an encroachment in an area that is left to our discretion. So for the long term, it's, you know, it's better for us that this resolved in his favor. And so what, in your view, is the remaining dispute or issue that has to be resolved? Whether, well, we would submit that it's not an issue of whether he complied or not. I think the only thing that this Court can do is send it back, and maybe the Court itself could decide. But I would like to point out that — Send it back for what? Well, we would say for compliance of the pretrial diversion agreement as envisioned by the parties. Go back, and we'll start at day one, and we'll do it as we intended. And it's important to point out, that's what they requested below. When after the jury verdict, the defendant filed a motion for new trial after the 14 days, but on these grounds, in light of the new cases that had come out. And he said, allow us to comply. Then he appeals it. Who's he? The defendant, Constantino, or the appellant now, Your Honors. In the opening brief, they say vacate conviction and essentially deem him in compliance. And then in the reply brief, it's now vacate conviction and remand. So we're on our third iteration of requested relief. And at no point in time in any of the briefings has there been cited a case, a statute, a rule, secondary sources. This is just — they're asking for some form of equity. And we would dispute that that is something that's appropriate, you know, given this posture. But yes, Your Honor, this is a unique case, unique circumstances. There's not much law on these — How long has it been since the original agreement? Oh, I guess it was originally entered into 2015. And then there was about a year of hearings and status conferences and what have you. I believe the conviction was about a year and a half ago, I believe, to two years. My counsel could answer that better than I. So how would you envision, then, the disposition in our case, what it would look like so that it doesn't violate any of the procedures regarding our, you know, the jurisdiction of a court with respect to a pretrial diversion agreement? Well, we would submit that this court could essentially borrow the language from that was used in that case, substituting the court's rejection of the plea agreement in that case with its rejection of a deferred prosecution in this case. And just remind me, in Nichol, that's where the conviction was vacated after the district court refused to accept the plea deal? Yes, Your Honor, based — And the parties went to trial. Yes, Your Honor. And so you think it should model whatever disposition models that? Yes, Your Honor. But what would the district court order? Well, essentially, in Nichol, was you can accept the plea agreement and go, you know, start from that process. Essentially, I guess, have another change of plea hearing or accept the jury verdict, which that's certainly not going to happen here since this defendant received a two-year mandatory minimum sentence after verdict. But the government believes that you could adopt the language used in Nichol. You can essentially concede that now they could treat this as if it were — had been a plea agreement? Is that what you're doing? Trying. Yeah. So, I guess, though, you both agree that there's — that the judgment should be vacated and it be sent back — it sounds like for the pretrial diversion agreement to be — to take place. Yes, Your Honor. And then what you all are disagreeing about is whether or not there should be some time of supervision or whether that supervision has already — should have been sufficient based on what he has been having to agree to for the terms of his release up to this point. Yes, Your Honor. I don't see any prohibition on why that couldn't be litigated once we get back there. Because we're not really in a position to know what kind of supervision he was under while the trial was going on. Yes, Your Honor. We would agree with that. But I guess the district court would also have to be careful not to — because that's not — that's not her purview. So, I'm just trying to figure out who — you know, I think this is going to be a dispute that you all have to resolve. And if you can't resolve whether or not the — he should still be on supervision or not, then you all have decisions that you would normally make in any case on, you know, at this point. It's just this one has a little bit of history. But basically, I understand and say it makes sense to wipe clean the slate here and go back and start from the beginning and see what's in the best interest for both parties, you know, Mr. Constantino and then for the United States. But I'm not quite sure that the court — the district court, you know, is going to be able to resolve your disputes here. It's truly a pretrial diversion agreement. Yes, Your Honor. But they could file and we could oppose based on those grounds. But I think that's definitely — They could file what? They could file what? They could file a motion for determination of compliance and we could oppose it saying you don't have jurisdiction to do so. Well, the district court could tell you to work it out and come back with a report. And if you can't work it out, then the judgment — And there's alternatives. I mean, the hook here is pretrial services. I mean, if we took pretrial services out of the equation, then we could have compliance on the side. We could dismiss without prejudice, have compliance, and, you know, and then never file again. So there are opportunities to resolve it. Well, but you say pretrial services involved because apparently you have some conditions that require them to monitor. I guess if there were conditions that they weren't required to monitor, that would take out pretrial services. But at least in the district I came from, even if pretrial services was involved, the judge was never involved. As was the intention from the beginning with this case. Okay. Right. Do you have anything else to help? This is going to happen again. I'm going to send it back to have it vacated and then you're going to have the indictment dismissed with another agreement. No, I think. It's not going to be dismissed? No, Your Honor. It'd have to be, wouldn't it? No, I don't believe so, Your Honor. It has to stay pending. I mean, it's... It's sitting on the docket of the court if you don't dismiss it. Yes, and I think we'd start the speedy trial clock, ask the court to toll speedy trial for the compliance of the pretrial diversion. Now, hold on just a second, because now you're asking the court to do something, the court to be involved. And if it involves the speedy trial act, then the court does have purview over that. Well, that's the issue. I mean, well, it does have a role because it has to find that, I guess, good cause. I'm not sure what the language is in the statute under speedy trial. But yes, that is an involvement of the court. And that's what was the issue in the out-of-circuit case of Falker, which we both have relied upon. And, Your Honor, these are all thorny questions and very complicated. There's very little law, if any, on this area. There's really no statute controlling deferred prosecutions. But at the end of the day, that's better resolved below than it is here. And that's what we would submit. Okay, but is this going to happen again? We hope not. And I... We hope not. I'm sure we're going to take a different tact to avoid this from happening again. For two, to be clear, I'd just add we have entered into an operating agreement with the court. I think that was signed in January of 2017. She kept asking for an operating agreement. There is one in place. But whether we seek this again, given the headaches that it's caused, I doubt it. Anything else? No, Your Honors. Thank you. Thank you. We appreciate the counsel's candor. Your Honors, I don't have very much time. But I just wanted to point out we're in agreement that the case should be vacated and remanded, and the pretrial diversion agreement should be reinstated. The only issue, then, is whether we should go forward and have him serve another 12 months, or whether pretrial service who's supervising him can give some kind of report, and if he has indeed already met all of his conditions, why it can't be terminated earlier than 12 months. You'll have to have the indictment dismissed, won't you? Correct. And so the district court will have to be involved to that extent at the end of the pretrial diversion. Once he's completed all his conditions, the indictment will have to be dismissed. So that's the twist to this case, and distinguishing it from true pretrial diversion, or what in my mind is true pretrial diversion and deferred sentencing or a plea agreement, because the charges were filed here. And so that implicates the Speedy Trial Act. And so the judge does have, you know, some responsibility there if you're asking that that speedy trial be waived. And because that's, in essence, what you asked, right? I mean, that he not need to have his trial as required under the law at this point, right? Correct. And so that the judge does have some responsibility in this case because of that. And that is the judge's limited authority under both the HSBC case and the FOCR services case. And the Speedy Trial Act tolling is written into the pretrial diversion agreement. So I believe that that has been taken care of. So we would just ask that the court remand, vacate the judgment with instructions to have some kind of factual finding as to whether or not Mr. Constantino has already met his conditions. So the judge then's responsibility would be just to make sure that the defendant knows that he has a speedy trial that's authorized under the law for him, but that it won't be happening if he signs the diversion agreement and he understands that and he's willing to waive the speedy trial. Is that correct? That's correct. But beyond that, the judge probably doesn't have any authority in light of these cases that have been cited to question who gets the pretrial diversion agreement, what the criteria is. That's all the executive decision. Is that correct? I believe Your Honor is correct. Okay. Thank you very much. Okay. If there's nothing further. Thank you both very much. Thank you. We appreciate your willingness to talk us through this and to work it out. So the case of United States of America v. Ambrosio D. Constantino, Jr. is submitted. The next case on the docket is United States of America v. Michael Walker.
judges: Siler, Schroeder, Murguia